**WEINSTOCK v. ELTING, Collector of Customs.**

District Court, S. D. New York.
Jan. 17, 1933.

A. H. Goodman, of New York City, for complainant.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman and Ira Koenig, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The plaintiff is a licensed customhouse broker. In this suit he asks that the defendant, collector of customs in New York, be enjoined from continuing a proceeding relative to the revocation or suspension of his license. He has moved that the bill be dismissed as insufficient on its face.

Under the Tariff Act of 1930, it is provided that custom house brokers must have a license, that the issuance of licenses shall be under rules and regulations issued by the Secretary of the Treasury, and that licenses may be revoked or suspended by the Secretary of the Treasury. Act of June 17, 1930, § 641 (19 USCA § 1641). As to revocation and suspension, the act prescribes the procedure to be followed. The collector of customs serves upon the broker written notice to show cause why the license should not be revoked or suspended, the notice specifying the ground of complaint; a hearing is then held and evidence taken; the collector transmits the papers and stenographic report of the hearing to the Secretary of the Treasury, who has "the right to revoke or suspend the license of any customhouse broker." His decision, if adverse to the broker, is subject to review by the customs court.

The bill alleges that the plaintiff holds a license; that on September 30, 1931, a notice to show cause why it should not be revoked or suspended was served on him; that hearings were then held, one before the solicitor to the collector and another before the collector; that the testimony and exhibits were then sent to the Secretary; that the Secretary ruled that the hearings had not been conducted in accordance with law, and sent the record back to the collector, with instructions to start the proceedings de novo; that the plaintiff then appealed to the customs court, which held that it had no jurisdiction, and dismissed the appeal. It is alleged that the collector has now commenced a new proceeding against the plaintiff by a notice to show cause dated November 10, 1932, which sets forth the same matters as the first notice. The plaintiff says that the proceeding is unlawful for several reasons, and that he is suffering irreparable injury in the pursuit of his calling because of its pendency. It appears from the decision of the Secretary (which is among the papers annexed to the bill) that the first notice to show cause was signed by an assistant collector, and the hearing was held before the solicitor; that objections to the jurisdiction on these two grounds were made by the plaintiff; and that it was because of these two objections that the Secretary dismissed the first proceeding and told the collector to start anew.

The foregoing summary of the contents of the bill indicates that the suit is devoid of merit and should be dismissed. The proceeding which the collector has now initiated and which the plaintiff seeks to halt is within the collector's authority granted to him by the Tariff Act of 1930.

In support of the bill, the plaintiff makes three contentions, all of which border on the fantastic. The first is that, when the collector forwarded the record to the Secretary, he exhausted his power and could do nothing further. That is true as to the first proceeding, but, of course, it did not forever foreclose the collector from initiating a new proceeding.

The second argument is that the Secretary had power only to revoke or suspend the license; that he lacked power to decide the case on jurisdictional grounds and to remand it to the collector. But it is plain that the Secretary had power to do precisely what he did. Moreover, the plaintiff, having himself raised the jurisdictional objections to the first proceeding, and having asked that it be dismissed on those very grounds, is estopped to say that the Secretary had no power to make the disposition that the plaintiff asked for. It should be noted that all that was done by the Secretary in the first proceeding was to dismiss it. His right to do this is unques-

tionable. He did not remand the first proceeding to the collector for further action; he brought that proceeding to a close, and told the collector to bring a new one.

This brings us to the third contention, which is that the present proceeding is improper because the collector is bringing it under orders of the Secretary, whereas it is said that the statute contemplates only the collector's free and independent action. The argument is not impressive. The Secretary is the collector's superior, and may give him instructions in respect to matters of this sort as well as in any other official matters. But it is immaterial what caused the collector to institute the pending proceeding. It was commenced in strict accordance with law, and that is all that is material at the present time. It should be prosecuted to a termination on the merits without further delays.

The plaintiff's motion for a preliminary injunction is denied. The defendant's motion to dismiss the bill is granted.